IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
04/10/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| ISAAC COYOTE SERVIN, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | |
| v. | ) | Case No. 26-3078-JWL |
|  | ) | |
| SAMUEL OLSON, ICE Field Office Director; | ) | |
| MARKWAYNE MULLIN, DHS Secretary; | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
|     HOMELAND SECURITY; | ) | |
| PAMELA BONDI, Attorney General; | ) | |
| EXECUTIVE OFFICE FOR | ) | |
|     IMMIGRATION REVIEW; and | ) | |
| Warden, Midwest Regional Reception Center, | ) | |
|  | ) | |
| Respondents. | ) | |
|  | ) | |

_____

## **MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing.  For the reasons set forth below, the Court **grants the petition in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **April 24, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies petitioner's requests for other relief.

Petitioner alleges that he entered the United States in approximately 2006 and that he has resided in the United States since then.  Petitioner further alleges that he was

detained by immigration officials in March 2026, that removal proceedings were subsequently initiated, and that petitioner remains in custody in this judicial district.  On April 1, 2026, petitioner filed the instant habeas action; the Court ordered an expedited response, which has now been submitted, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by 8 U.S.C. § 1226(a), which provides for discretionary release on bond.  Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.[1]

In a recent case involving the same issue, this Court rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming

---

[1]  Petitioner also claims that his detention without consideration of release on bond violates due process.  In light of the Court's conclusion that petitioner is entitled to bond consideration under the statues, it need not reach that issue.

majority of courts that have addressed the issue, and the Court ordered relief in the form of a bond hearing under Section 1226(a).  *See Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.).  Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the Court's prior reasoning would also apply here.  Thus, for the same reasons set forth in the Court's opinion in *Galdamez Orellana*, *see id.* at *1-3, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

Petitioner seeks his release in the petition, but he has not offered any reason why requiring a bond hearing would not provide sufficient relief; nor has he addressed this Court's discussion of the issue in *Galdamez Orellana*.  For the reasons stated in that case, *see id.* at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). In the alternative, petitioner seeks a bond hearing within 14 days, and the Court grants that request.  Accordingly, the Court orders respondents either to release petitioner or to ensure

that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **April 24, 2026**.[2]

Finally, the Court notes that petitioner has requested an award of attorney fees under the Equal Access to Justice Act. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **April 24, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies petitioner's requests for other relief.

IT IS SO ORDERED.

Dated this 10th day of April, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe requested by petitioner. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

4